## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RICHARD JAMIOLKOWSKI,

      Plaintiff,

v.                                Case No:  6:16-cv-1647-Orl-40KRS

PAUL A. ESMOND and WAVE
TRANSPORT, LLC,

      Defendants.

_____

### ORDER

      This cause comes before the Court on Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 12), filed October 19, 2016.  On November 2, 2016, Defendants responded in opposition.  (Doc. 13).  Upon consideration, Plaintiff's Motion to Remand will be denied.

## I.    BACKGROUND

      Plaintiff initiated this lawsuit in state court by filing a two-count Complaint on April 24, 2016.  Plaintiff alleges that Defendant, Paul A. Esmond ("Esmond"), negligently operated a motor vehicle and that, as a result of his negligence, Esmond collided with Plaintiff's vehicle and caused him injury.  At the time of the incident, Esmond was in the course of his employment with Defendant, Wave Transport, LLC ("Wave"), and was driving a company vehicle owned by Wave.  Plaintiff therefore sues Wave as vicariously liable for Esmond's alleged negligence.  After receiving Plaintiff's answers to certain interrogatories, Esmond and Wave removed the case to this Court based on diversity jurisdiction.  Plaintiff now moves to remand the action back to state court.

## II.    DISCUSSION

Title 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction.   In this case, Defendants removed the action because they believe the parties' controversy lies within the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff disagrees, and moves to remand on the ground that the amount in controversy in this case does not exceed the jurisdictional threshold of $75,000.[1]

When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).   Subject matter jurisdiction must be assessed at the time of removal.   *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court."   *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Plaintiff argues that Defendants cannot meet their burden of proving that the amount in controversy exceeds $75,000.  In response, Defendants point to the allegations contained within Plaintiff's Complaint and the answers to interrogatories Plaintiff submitted during discovery in state court.   According to Defendants, Plaintiff seeks at least $43,163.66 in medical expenses, four months of lost wages, and $35,000 which Plaintiff and his wife withdrew from their 401(k) retirement plans to replace his lost income. Additionally, Defendants emphasize that Plaintiff alleges his injuries are permanent and

---

[1]    The parties agree that complete diversity exists among them.

ongoing, and include injuries to his head, neck, and back.  Defendants therefore ask the Court to use its judicial experience and common sense in calculating the value of these potentially permanent and ongoing injuries.

The Court agrees with Defendants that the amount in controversy likely exceeds $75,000.  It is true, as Plaintiff contends, that the amount Defendants say Plaintiff seeks in medical expenses is not as clear as Defendants think.  Defendants phrased their interrogatory in terms of what Plaintiff has "paid or incurred in connection with the incident."  Plaintiff's answer therefore indicates that he "paid or incurred" at least $43,163.66 in medical expenses, not that he seeks to recover this amount.  Indeed, Plaintiff represents in his motion to remand that only $31,000 in medical expenses currently remains outstanding because his car insurance company covered $10,000 under a Personal Injury Protection policy and some of the medical providers have agreed to reduce their bills.  The Court therefore accepts the $31,000 number as the likely value of medical expenses in controversy at the time of removal.[2]

Plaintiff also stated in his interrogatory answers that he and his wife withdrew $35,000 from their 401(k) retirement plans.  Although it is unclear what this money was used for, Plaintiff's answer is in response to a question which asks him to identify all other expenses and financial losses he seeks to recover.  With this addition, the amount in controversy rises to $66,000.

---

[2]   Plaintiff also states in his motion that he believes these medical expenses will be reduced even further through payments from his health insurance provider.  The Court need not consider this possibility, however, as the amount in controversy at the time of removal is what matters.

Finally, the Court's judicial experience and common sense lead it to believe that the permanent and ongoing nature of Plaintiff's alleged injuries push the amount in controversy over $75,000.  *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (recognizing that federal courts may use their judicial experience and common sense in determining the amount in controversy). The face of Plaintiff's Complaint alleges that Plaintiff suffered permanent injuries due to a vehicular collision and that Plaintiff's injuries will continue into the future.  In his answers to interrogatories, Plaintiff further details that he suffered physical injuries to his head, back, neck, left shoulder, left knee, and left heel and that he continues to experience "mid to low back pain, sporadic headaches, neck pain, shoulder pain, and forgetfulness."  It is the Court's experience that head, neck, and back injuries like the ones Plaintiff alleges in this case are costly and tend to persist beyond the end of a lawsuit.  The Court is confident that Plaintiff seeks to recover the costs associated with treating and rehabilitating these injuries and that these costs are likely to exceed the $9,000 necessary to push the amount in controversy over $75,000.

## III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand to State Court (Doc. 12) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 7, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record